# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN LYNN HUGUELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-cv-02885 |
| | ) Judge Crenshaw |
| BILL HASLAM et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Stephen Lynn Hugueley is a state prisoner presently incarcerated on death row at the Riverbend Maximum Security Institution in Nashville, Tennessee. Before the court is Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2). In addition, Plaintiff has filed a complaint for civil rights violations under 42 U.S.C. §1983 which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Plaintiff's motion for appointment of counsel is also before the Court.

### A.     Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because Plaintiff properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Doc. No. 2) is **GRANTED**.

However, under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. See Bruce v. Samuels, ___ U.S. ___, 136 S.Ct. 627, 632, n.3 (2016) (assuming

"without deciding that a mandamus petition qualifies as a 'civil action' or 'appeal' for purposes of 28 U.S.C. §1915(b)"); Gross v. Experian, No. 10-cv-150-GFVT, 2015 WL 1038835, at *3-*4 (E.D. Ky. Mar. 10, 2015) (noting that mandamus actions are civil proceedings to which the PLRA filing fee requirements apply). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-petitioners the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the petitioner's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the petitioner's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED to** send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement for continued compliance with this order.

If Plaintiff is transferred to a different prison or is released, he is **ORDERED** to notify the court immediately, in writing, of his change of address.

### B. Dismissal of the Complaint

Having granted Plaintiff leave to proceed *in forma pauperis*, the Court was required to conduct an initial screening of the complaint and to dismiss it if it fails to state a claim upon which relief may be granted, is frivolous or malicious, or seeks relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2); cf. Brewer v. Cleveland Mun. Sch. Dist., 84 F. App'x 570, 571-73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding *in forma pauperis*).

Having conducted such a review, as set forth in the accompanying memorandum opinion, the Court finds that the complaint must be dismissed because the Court lacks subject matter jurisdiction to consider it. Additionally, even if the Court had subject matter jurisdiction, the complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint is **DISMISSED**.

The same considerations that lead the court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken

in good faith, and Plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*.

**C.     Motion to Appoint Counsel**

For the reasons set forth in the accompanying memorandum opinion, and because the Court dismisses the complaint, Plaintiff's motion to Appoint Counsel is **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE